# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO L.L.S-C., MINOR
CHILD.

No. 71293

ANGELA D.C.,
Appellant,
vs.
ALANA MCKINNEY, THE EXECUTIVE
DIRECTOR OF CASA; AND L.L.S-C.,
MINOR CHILD,
Respondents.

**FILED**

JUL 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY___S.Young___
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order terminating appellant's parental rights as to her minor child. Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include neglect, parental unfitness, failure of parental adjustment, and demonstration of only token efforts. NRS 128.105(1)(b). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014).

Appellant argues that the district court erred in relying on the fact that she had been incarcerated for the majority of the time the child had been out of her care as the basis for terminating her parental rights.

Having reviewed the record, we conclude that substantial evidence supports the district court's parental fault findings that appellant neglected the child, is an unfit parent, failed to adjust the circumstances that led to the child's removal, and demonstrated only token efforts. *See* NRS 128.105(1)(b)(2)-(4), (6). A child is neglected when the child lacks "proper parental care by reason of the fault or habits of his or her parent." NRS 128.014(1). A parent is unfit when "by reason of the parent's fault or habit or conduct toward the child or other persons, [the parent] fails to provide such child with proper care, guidance and support." NRS 128.018. "What constitutes being unfit can vary from case to case but generally includes continued drug use, criminal activity, domestic violence, or an overall inability to provide for the child's physical, mental or emotional health and development." *In re Parental Rights as to N.J.*, 125 Nev. 835, 845, 221 P.3d 1255, 1262 (2009) (internal quotations omitted). Failure of parental adjustment occurs when a parent is unable or unwilling within a reasonable time to substantially correct the circumstances which led to the removal of the child. NRS 128.0126. When a child has been out of the parent's care for 14 months of any 20 consecutive months, it is presumed that the parent has demonstrated only token efforts to care for the child. NRS 128.109(1)(a).

While the district court considered appellant's incarceration in terminating her parental rights, the court did not rely solely on her incarceration in reaching its decision. *See In re Parental Rights as to J.L.N.*, 118 Nev. 621, 628, 55 P.3d 955, 959-60 (2002) (providing that a court must consider a parent's incarceration in determining whether to terminate the parent's parental rights, but that the court cannot rely on incarceration alone as a sufficient reason to do so). Further, unlike *J.L.N.*

where the mother's parental rights were terminated as a result of the length of her incarceration even though she had completed the aspects of her case plan that she could complete while incarcerated, here appellant continued to engage in criminal conduct resulting in repeated periods of incarceration, she has never completed any aspect of her case plan, there is little likelihood of improvement in the near future, and there were grounds of parental fault present other than failure of parental adjustment.

Appellant has been diagnosed with bipolar and paranoid schizophrenic, psycho affective disorders. The record demonstrates that when appellant fails to take her medicine to address these disorders, she is unable to care for her child and her failure to take her medicine generally results in her incarceration. NRS 128.106(1)(a). Specifically, testimony at the termination trial indicated that when the child was removed from her care, appellant had chosen not to take her medicine and was wandering the streets in the rain with the child and reportedly randomly uttering things and speaking to people who were not there. *See Ellis v. Carucci*, 123 Nev. 145, 152, 161 P.3d 239, 244 (2007) (explaining that it is not within this court's purview to weigh conflicting evidence or assess witness credibility). Since the child's removal, appellant has not consistently taken her medicine. Additionally, by the time of the termination trial the child had been out of appellant's care for 23 months and appellant's brief attempt at complying with her case plan did not rebut the presumption that she has only made token efforts to avoid being an unfit parent. Therefore, substantial evidence supports the district court's parental fault findings.

We further conclude that substantial evidence supports the district court's finding that termination of appellant's parental rights is in the child's best interest. Appellant failed to rebut the presumption that because the child has resided outside of her care for 14 of 20 consecutive months, termination was in the child's best interest. NRS 128.109(2). Additionally, further services are unlikely to bring about a lasting change allowing the return of the child to appellant. NRS 128.107(4). Also, the child requires mental health treatment herself and appellant is not in a position to assist her child with obtaining treatment. For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Alvin R. Kacin, District Judge
Hillewaert Law Firm
Michelle L. Rodriguez
Elko County Clerk